**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                  **v.**                  **09-CR-55A(Sr)**

**JAHAAD RICHARDSON,**

        **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #11.

The defendant, Jahaad Richardson, was charged in one count of a six count indictment returned against eight defendants with having violated Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846. Dkt. #1.

Presently pending before this Court is defendant's motion to suppress statements. Dkt. #114. The defendant argues that if any statements were obtained from him during the course of his arrest, such statements were not voluntarily made and were made without a proper waiver of his right to counsel. Dkt. #114, pp.37-38. At oral argument counsel argued that defendant had not been advised of his constitutional rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 467-71 (1966), but conceded that defendant had not set forth that claim in an affidavit.

The government argues that the request should be denied because the defendant fails to specify which statements are at issue or provide any factual basis to believe that any statements by the defendant were involuntary. Dkt. #119, p.21. At oral argument, the government responded that the law is clear that a defendant must submit an affidavit on personal knowledge to justify an evidentiary hearing.

In order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing. *See United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson*, 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers."). Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion in order to require a hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). In the instant case, any issues that could be inferred from the bare, conclusory allegations in defendant's

motion to suppress statements are insufficient to create a need for an evidentiary hearing. Accordingly, based on the absence of any legal basis to even consider suppression as a remedy and there being no disputed issue of material fact sufficient to require an evidentiary hearing, this Court recommends that the defendant's motion to suppress statements be denied and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

**SO ORDERED.**

DATED:    Buffalo, New York
             December 9, 2010

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                             **United States Magistrate Judge**